UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KMART CORPORATION,

       Plaintiff,

                                                     Civil No. 07-14299
                                                     Hon. John Feikens

       v.

FLOORGRAPHICS, INC.,

       Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STAY THESE PROCEEDINGS**

Plaintiff Kmart Corporation (Kmart) motions this court to stay the proceedings pending the adjudication of Kmart's bankruptcy proceeding in the Northern District of Illinois before the Honorable John F. Grady. For the reasons explained below, I GRANT Kmart's motion.

**I.      FACTUAL BACKGROUND**

This litigation dates back to September 2001 when Plaintiff Kmart filed a declaratory judgment action against Defendant Floorgraphics (Floorgraphics), under Civil Action No. 01-73607. Floorgraphics counterclaimed for breach of contract. In January 2002, Kmart filed for Chapter 11 reorganization in the Northern District of Illinois (the Kmart Bankruptcy proceeding). As a result, the initial action in my court was automatically stayed, and administratively closed.

In the Kmart Bankruptcy proceeding, the Northern District of Illinois approved the rejection of Kmart's contract with Floorgraphics. In turn, Floorgraphics filed a proof of claim, followed by Kmart's objection. In November 2007, Floorgraphics filed a motion in the Kmart Bankruptcy proceedings to withdraw the reference of Kmart's objection to Floorgraphics claim in that court.

In the meantime, Kmart refiled its complaint in my court. Plaintiff Kmart now argues that I should stay these proceedings until the Northern District of Illinois finishes its work in the Kmart Bankruptcy proceeding for the sake of judicial economy.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure fail to grant to this court any express power to stay its proceedings. However, this court possesses an inherent power to control the cases on its docket according to its own needs, as well as those of counsel and the litigants before me. See Ohio Environmental Council v. United States District Court, Southern District of Ohio, Eastern Division, 563 F.2d 393, 396 (6th Cir. 1977). In addressing a request for a stay, this Court tries to "maximize the effective utilization of judicial resources and [to] minimize the possibility of conflicts between different courts." 5C Wright and Miller, Federal Practice and Procedure § 1360 (2007).

A party which seeks to stay proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Ohio Environmental Council, 563 F.2d at 396. As a result, the "burden is on the party seeking the stay to show that there is [a] pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." Id.

## III. ANALYSIS

Floorgraphic's resistance to this motion to stay rests substantially on the argument that I should abstain from granting this motion until the Northern District of Illinois has ruled on Floorgraphics' Motion to Withdraw the reference of Kmart's objection to Floorgraphics claim in the Kmart Bankruptcy proceedings. On January 29, 2008, that decision was made and Floorgraphic's motion was denied. See Kmart v. Floorgraphics Inc., (07-C-6306)(N.D. Ill. January 29, 2008).

2

I agree with the Northern District of Illinois that it is in the interest of judicial efficiency that Kmart's Bankruptcy proceeding be allowed to finish without the distraction or possible interference of concurrent proceedings in this Court. The bankruptcy court has put in a considerable amount of time and effort, and in turn is very familiar with the facts and the merits of the case. Further, the bankruptcy court has made substantive evidentiary rulings that will likely affect this court. It would be a waste of resources not to allow the bankruptcy court to finish its work and enforce its previous rulings.

Floorgraphics claims it will be prejudiced by having the bankruptcy court consider issues of Michigan law that apply to its claim but it fails to identify these issues in any detail, nor am I aware of any such issues. In any event, even if Michigan law is applied to the issues before the bankruptcy court, that court is quite capable of interpreting Michigan law. Further, any inconvenience suffered by the parties in this regard is greatly outweighed by the prejudice both parties would suffer if the bankruptcy court were not allowed to bring its proceedings to a final adjudication.

For these reasons, I GRANT Plaintiff Kmart's motion to stay the proceedings, until the Kmart Bankruptcy proceeding is completed.

**IT IS SO ORDERED.**

<u>s/John Feikens</u>
John Feikens
United States District Judge

Dated: February 25, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 25, 2008.

s/Carol Cohron
Deputy Clerk